UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD STALLWORTH, Individually and On Behalf of All Others Similarly Situated, § § § § § Plaintiff, § § v. § § PANTHER WELL SERVICE, LLC, § § Defendant. § | | No._____ <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Clifford Stallworth (referred to as "Plaintiff" or "Stallworth") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Panther Well Service, LLC (referred to as "Defendant" or "PWS"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Stallworth's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and

sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. PWS violated the FLSA by employing Stallworth and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. PWS violated the FLSA by failing to maintain accurate time and pay records for Stallworth and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Stallworth brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Stallworth resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Stallworth's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Clifford Stallworth is an individual who resides in Victoria County, Texas and who was employed by PWS during the last three years.

9. Panther Well Service, LLC is a Texas limited liability company that may be served with process by serving its registered agent: Tim Kehler, at 49 Lightwood Trace, The Woodlands, Texas 77382. Alternatively, if the registered agent of Panther Well Service, LLC cannot with reasonable diligence be found at the company's registered office, Panther Well Service, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that PWS committed any act or omission, it is meant that the PWS's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of PWS or was done in the routine and normal course and scope of employment of PWS's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. PWS is an oilfield services company; it does business in the territorial jurisdiction of this Court.

12. PWS employed Stallworth as an operator from October 2014 to May 2015.

13. During Stallworth's employment with PWS, he was engaged in commerce or the production of goods for commerce.

14. During Stallworth's employment with PWS, the company had employees engaged in commerce or in the production of goods for commerce.

15. During Stallworth's employment with PWS, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16. During Stallworth's employment with PWS, the company had an annual gross volume of sales made or business done of at least $500,000.

17. PWS paid Stallworth on an hourly basis.

18. PWS also paid Stallworth a daily bonus for each day that he worked.

19. During Stallworth's employment with PWS, he regularly worked in excess of forty hours per week.

20. PWS knew or reasonably should have known that Stallworth worked in excess of forty hours per week.

21. PWS did not pay Stallworth overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Instead, PWS paid Stallworth at one and one-half times his nominal hourly rate for the hours he worked over forty in a workweek.

23. In other words, PWS failed to include Stallworth's daily bonus in his regular rate as required by 29 U.S.C. § 207(e); this failure resulted in the payment

of overtime at a rate less than one and one-half times the regular rate at which Stallworth was employed.

24. PWS knew or reasonably should have known that Stallworth was not exempt from the overtime provisions of the FLSA.

25. PWS failed to maintain accurate time and pay records for Stallworth as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. PWS knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27. PWS is liable to Stallworth for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28. All operators or other hourly workers employed by PWS are similarly situated to Stallworth because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from PWS pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

29. Stallworth adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

30. During Stallworth's employment with PWS, he was a nonexempt employee.

31. As a nonexempt employee, PWS was legally obligated to pay Stallworth "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

32. PWS did not pay Stallworth overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

33. Instead, PWS paid Stallworth at one and one-half times his nominal hourly rate for the hours he worked over forty in a workweek.

34. In other words, PWS failed to include Stallworth's daily bonus in his regular rate as required by 29 U.S.C. § 207(e); this failure resulted in the payment of overtime at a rate less than one and one-half times the regular rate at which Stallworth was employed.

35. If PWS classified Stallworth as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36. PWS knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, PWS willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

37. Stallworth adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

39. In addition to the pay violations of the FLSA described above, PWS also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

40. Stallworth adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

41. On information and belief, other employees have been victimized by PWS's violations of the FLSA identified above.

42. These employees are similarly situated to Stallworth because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43. PWS's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44. Since, on information and belief, Stallworth's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

45. All employees of PWS, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All operators or other hourly-plus-daily-bonus workers
> employed by PWS during the last three years.

46. PWS is liable to Stallworth and the other operators and hourly-plus-daily-bonus workers for the difference between what it actually paid them and what it was legally obligated to pay them.

47. Because PWS knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Stallworth and the other operators and hourly-plus-daily-bonus workers their unpaid overtime wages for at least the last three years.

48. PWS is liable to Stallworth and the operators and hourly-plus-daily-bonus workers in an amount equal to their unpaid overtime wages as liquidated damages.

49. PWS is liable to Stallworth and the other operators and hourly-plus-daily-bonus workers for their reasonable attorneys' fees and costs.

50. Stallworth has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

51. Stallworth demands a trial by jury.

## IX.  Prayer

52. Stallworth prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Stallworth and the other operators and hourly-plus-daily-bonus workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Stallworth and the other operators and hourly workers may show themselves to be justly entitled.

- 10 -

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF CLIFFORD STALLWORTH**